UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ALEX R. EVANS | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:01-cv-195 |
| | ) | 3:00-cr-006 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255

filed by petitioner Alex R. Evans ("Evans").  For the following reasons, the § 2255 motion

will be **DENIED** and this action will be **DISMISSED**.

I.  Standard of Review

This court must vacate and set aside Evans' conviction upon a finding that "there has

been such a denial or infringement of the constitutional rights of the prisoner as to render the

judgment vulnerable to collateral attack." 28 U.S.C. § 2255.  To prevail under § 2255, Evans

"must show a 'fundamental defect which inherently results in a complete miscarriage of

justice,' or, an error so egregious that it amounts to a violation of due process." *United States*

*v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Evans is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Evans waived indictment and pleaded guilty to an information charging him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a term of imprisonment of 33 months; Evans was also sentenced to a consecutive term of seven months on a revocation of supervised release in a case from the U.S. District Court for the Middle District of Tennessee. In support of his § 2255 motion to vacate sentence, Evans alleges that his guilty plea was not voluntary because of ineffective assistance of counsel. He specifically claims his attorney failed to explain the burden the prosecution carried as to a critical element of the offense.

2

III.    Discussion

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court

established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This
> requires showing that counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the deficient performance
> prejudiced the defense.  This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence

demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970),

Evans must demonstrate that the attorney's representation "fell below an objective standard

of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88.  In judging an attorney's

conduct, a court should consider all the circumstances and facts of the particular case.  *Id*.

at 690.  Additionally, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action 'might be

considered sound trial strategy.'"  *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101

(1955)).

Evans alleges his attorney counseled him to plead guilty without explaining the

prosecution's burden.  According to Evans, counsel knew the critical element could not be

proven beyond a reasonable doubt.  In his § 2255 motion, Evans did not identify the critical

element to which he was referring.  In his reply to the government's response, he identifies

that element as "mens rea" and claims his possession of the firearm was not a "knowing"

violation of § 922(g).

Evans signed a plea agreement, in which he acknowledged, in pertinent part, the

following:

> 8.     The defendant acknowledges that he has read the Information in this case and that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have.  The defendant further acknowledges that in order to be convicted of the offense charged in the Information, the United States must prove beyond a reasonable doubt that the defendant had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, that the defendant thereafter knowingly possessed a firearm, and that the possession of the firearm was in or affected interstate commerce.
>
> ...
>
> 9.     The defendant acknowledges that he understands he has a right to persist in pleas of not guilty and the right to a jury trial for the offense charged in the Information and at such trial he would have the right to counsel, the right to confront and cross examine adverse witnesses, and the right against compelled self-incrimination.  The defendant further acknowledges that he understands that if his guilty plea is accepted by the Court, there will be no jury trial and by pleading guilty he waives his right to a jury trial.  The defendant further acknowledges that he understands that the Court may question him under oath, on the record, and in the presence of counsel about the offense to which he is pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement.  The defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as the result of any promises by any agent of the government apart from the promises set forth in this plea agreement.

[Criminal Action No. 3:00-cr-05, Court File No. 4, Plea Agreement filed January 10, 2000,

pp. 3-5].

In the stipulation of facts, Evans specifically acknowledged that he "knowingly possessed a North American Arms, 22 magnum caliber, 5 shot revolver. [*Id*., Court File No. 5, Stipulation of Facts, filed January 10, 2000].

In accepting Evans' guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, Evans and the court specifically engaged in the following exchange:

> THE COURT: Would you pass that up. Mr. Evans, I have before me a stipulation of fact signed by the United States Attorney, Mr. Kissinger and by yourself where you agree that you knowingly possessed the North American Arms .22 magnum caliber five shot revolver, and that it was manufactured in Provo, Utah and traveled in interstate commerce prior to you obtaining possession of it. Further, you are a convicted felon having been convicted in the Middle District of the state of Tennessee, correct?
>
> MR. EVANS: Yes, sir.
>
> THE COURT: All right. Have you told your lawyer everything you know about this case?
>
> MR. EVANS: Yes, Your Honor, I have.
>
> THE COURT: You believe he is fully aware of all of the facts upon which these charges are based?
>
> MR. EVANS: Yes.
>
> THE COURT: Has he advised you as to the nature and meaning and cause for these charges against you?
>
> MR. EVANS: Yes.
>
> THE COURT: Has your lawyer specifically advised you as to each and every element of the offense charged that the government must prove you guilty of beyond a reasonable doubt?
>
> MR. EVANS: Yes.

THE COURT: Has he advised you as to the meaning of any and all words in the offense charge which you may not have understood? I take it you understood everything. Anything you didn't understand he explained to you, didn't he?

MR. EVANS: Yes, he did.

THE COURT: Has he advised you as to any defenses, if any, you have to these charges?

MR. EVANS: Yes, it was discussed.

THE COURT: You all talk about that?

MR. EVANS: Yes.

THE COURT: You satisfied with the advice he has given you about that?

MR. EVANS: Yes, sir.

THE COURT: Have you had ample opportunity to discuss it with him, your lawyer?

MR. EVANS: Yes.

THE COURT: Sir, are you satisfied with your attorney's representation of you?

MR. EVANS: Yes.

THE COURT: Mr. Kissinger, you satisfied the defendant understands the charge's [sic] against him?

MR. KISSINGER: I am, Your Honor.

THE COURT: Have you advised him as to each and every element of the offense charged?

MR. KISSINGER: I have, Your Honor.

THE COURT: You are satisfied he understands these elements as well as all legal definitions in the offense charged?

MR. KISSINGER:  I am, Your Honor.

THE COURT:  The maximum penalty is you serve not more than ten years in prison, pay a fine of not more than $250,000 or both, a supervised release of not more than five years and mandatory special assessment in the amount of $100[;] with respect to the petition for revocation of your supervised release the maximum penalty is you serve not more than two years in prison, in addition you understand, sir, that the sentence of imprisonment imposed for the offense in the information and the sentence imposed for the revocation of supervised release must be served consecutively, Mr. Evans, not together, but separately, one on top of the other, pursuant to the sentencing guidelines 7B1.3(f).  You understand that?

MR. EVANS:  Yes.

THE COURT:  Knowing the penalty, you still wish to plead guilty?  You still wish to plead guilty knowing those are the penalties, Mr. Evans?

MR. EVANS:  Yes.

...

THE COURT:  By offering to plead guilty you give up certain constitutional rights; the right to plead not guilty, right to trial by jury, presumption of innocence if tried, the right to the assistance of counsel, the right to confront and cross-examine witnesses against you, the right not to be compelled to incriminate yourself in trial and the right to require the United States to prove you guilty beyond a reasonable doubt.  You understand you give those right up when you plead guilty?

MR. EVANS:  Yes, sir.

THE COURT:  There has been a plea agreement in this case.  You want to file that?

MR. DAKE:  Yes, Your Honor.

THE COURT:  I want you to understand that I can accept or reject that plea agreement.  You understand that?  I am not bound by it.

MR. EVANS:  Yes.

THE COURT: Other than what is in the plea agreement, sir, has any officer or agent of the government promised or suggested that you will receive a lighter sentence or other form of leniency, if you plead guilty?

MR. EVANS: No.

THE COURT: Has any person, including any officer of agent of the government, put pressure on you mentally or physically to force you to plead guilty?

MR. EVANS: No.

THE COURT: Are you pleading guilty to this offense, a felon with a weapon, for any reason other than the fact that you are guilty?

MR. EVANS: I didn't comprehend, sir.

THE COURT: Are you pleading guilty to these charges for any reason other than the fact that you are guilty? Is there any other reason why you are pleading guilty here?

MR. EVANS: No.

THE COURT: Are you guilty?

MR. EVANS: Yes, Your Honor.

THE COURT: As charged?

MR. EVANS: Yes, Your Honor.

[Criminal Action No. 3:00-cr-06, Court File No. 13, Transcript of Change of Plea, pp. 8-15].


The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will

not be vacated on the ground that the plea of guilty was coerced or was otherwise involuntary

where the defendant was "carefully interrogated by the trial judge with respect to the offenses

committed," where the defendant was represented by "competent counsel," and where the

defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). In addition, it is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Evans cannot now allege that his guilty plea was coerced by his attorney or that the plea was made without an understanding of the nature of the charges or the consequences of pleading guilty. Thus, Evans has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

IV.     Conclusion

Evans is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

_s/ James H. Jarvis_

UNITED STATES DISTRICT JUDGE
